# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOAMI RAY KINDELL, )
)
                Petitioner, )
)
          v. )          No. 4:16CV391 DDN
)
RONDA PASH, )
)
            Respondent, )

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Joami Kindell for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is barred by the limitations period and is denied. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (permitting *sua sponte* dismissal of untimely petitions after fair notice).

On December 14, 2000, Petitioner was convicted in a bench trial of second-degree murder, attempted forcible rape, first-degree burglary, and stealing a motor vehicle. *Missouri v. Kindell*, No. 22991-02836-01 (City of St. Louis). In February 2001 the Court sentenced him to thirty-two years' imprisonment. His sentence was affirmed on direct appeal. *Missouri v. Kindell*, 62 S.W.3d 641 (Mo. Ct. App. 2001). He filed a timely motion for postconviction relief under Rule 29.15 of the Missouri Rules of Criminal Procedure, which was denied. *Kindell v. Missouri*, No. 2202P-04226 (City of St. Louis). And the Missouri Court of Appeals for the Eastern District affirmed on October 21, 2003. *Kindell v. Missouri*, No. 120 S.W.3d 231 (Mo. Ct. App. 2003). The appellate court issued its mandate on December 9, 2003.

Petitioner filed this action on about March 4, 2016. He argues that the prosecutor committed misconduct, that his counsel was ineffective, that he was subjected to double jeopardy, and that the trial court lacked jurisdiction. By Order dated March 25, 2016, the Court gave Petitioner 21 days to show cause why his petition should not be dismissed as time barred. (Doc. No. 5.)

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Assuming that his conviction became final when the Missouri Court of Appeals issued its mandate on December 9, 2003, the one-year period expired on December 9, 2004. As a result, the petition is untimely unless Petitioner can demonstrate tolling.

Petitioner responded that the limitations period was tolled because he filed a second Rule 29.15 motion and a Rule 91 state habeas case. However, according to Missouri court records, he filed his second Rule 29.15 motion on March 10, 2008, well after the federal statute of limitations passed. *Kindell v. Missouri*, No. 0822-CC00903 (City of St. Louis). And he filed his Rule 91 petition on January 13, 2010. *Kindell v. Denney*, No. 10DK-CC00001 (DeKalb County). Therefore, the federal habeas petition is barred by the statute of limitations.

Finally, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Joami Ray Kindell's petition for writ of habeas corpus is **DENIED**.

**IT IS FUTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 13th day of April, 2016.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE